UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN CARINGELLA, *as assignee of*
Marcella M. Clark and Clark Appraising
& Consulting, LLC,

    Plaintiff,

v.

LIBERTY SURPLUS INSURANCE
CORPORATION, a/k/a LSI CORPORATION,

    Defendant/Counter-claimant,

v.

MARCELLA M. CLARK, CLARK APPRAISAL
& CONSULTING, LLC, and SUSAN
CARINGELLA,

    Counter-Defendants.
_____/

Case No. 1:10-cv-44

HON. JANET T. NEFF

## MEMORANDUM OPINION

This case arises out of Plaintiff's efforts to secure coverage for a damages claim as the assignee of the insureds under a real estate appraisers professional liability insurance policy issued by Defendant. Plaintiff initially filed suit in Michigan state court, and Defendant removed the case to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) (Def. Not. of Removal, Dkt 1 ¶ 4). Plaintiff has filed a Motion to Remand the case back to state court (Pl. Mot., Dkt 10).

In support of the Motion to Remand, Plaintiff contends that diversity of citizenship is not established in this case because this is a direct action against an insurer in which the insured is not joined as a party defendant, 28 U.S.C. § 1332(c)(1) (Pl. Br., Dkt 11 at 4-5). Plaintiff argues as a result of the direct action, Defendant is "deemed a citizen of the State of which the insured is a citizen," as well as the states of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Plaintiff and Defendant are both citizens of Michigan, and diversity of citizenship does not exist to confer jurisdiction in federal court (*id.*).

This interpretation of § 1332(c)(1) is flawed. The direct action provision is limited to cases in which a plaintiff commences an action directly against a defendant's insurance carrier without naming the defendant as a party to the action. *Id.* This is simply not the situation at bar. Here, Plaintiff brought suit against the original defendants-insureds and was awarded damages according to a consent judgment entered in the Allegan County Circuit Court (*see* Def. Not. of Removal, Dkt 1-3 at 27-28, Consent J.). Plaintiff now seeks to collect from Defendant-insurer in this subsequent, second action. Because Plaintiff has already obtained a judgment against the insureds directly, she is precluded from claiming that this second suit is a "direct action." *See Elkins v. Am. Int'l Special Lines Ins. Co.*, 611 F. Supp. 2d 752, 758 (S.D. Ohio, 2009) (holding that the term "direct action" under § 1332(c)(1) applies where the injured party foregoes suing the tortfeasor directly and instead sues the tortfeasor's liability insurer directly on the issue of liability).

Because this is not a direct action as contemplated by § 1332(c)(1), diversity jurisdiction exists, and Plaintiff's Motion to Remand is DENIED.

Plaintiff's Bill of Costs (Dkt 12) is DENIED as moot.


DATED: June 2, 2010                          Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge